Appellant Care One, NLRB 237475 Mr. Benson, you have reserved 3 minutes, is that correct? Pardon me? You have reserved 3 minutes? Yes. Thank you. May it please the Court, Daniel Benson for Appellant Care One. Your Honors, this is precisely the kind of case where a preliminary injunction is warranted to allow the District Court to review the serious constitutional defects in the underlying NLRB proceeding that are causing Care One here and now harm, being subjected to an illegitimate proceeding before an illegitimate tribunal, as Justice Kagan put it. May I ask you, to be sure I understand this correctly, your client's case is presently before the NLRB, not before an ALJ, having been transferred, is that right? Yes, that's correct. And the NLRB is now correctly constituted under the law, correct? So far as we know. Okay. So, when you say you needed a preliminary injunction to stop your case from proceeding before an improperly constituted tribunal, I'm not sure what you're talking about. You're before the NLRB and the NLRB is now properly constituted. Yes. What are you looking, why would that be stopped? Why would we enjoin that proceeding from going forward? Because it's, pardon me, because the entire proceeding, including the proceeding that's before the Board now, is tainted. It's tainted by... But the NLRB can hear any objection to fact-finding or law by the ALJ, and so you can complain about anything you think the ALJ, who was not, in your view, properly appointed, did. You can raise this before the NLRB. Right. But Lucia and other cases have made clear that the remedy for an appointments cause violation, for example, is an entirely new proceeding. Well, the NLRB can do de novo review of everything, law and facts. But, Your Honor, the proceeding that is before it is irreparably tainted. I mean, there's no law, there's, the law doesn't require us to go to the NLRB before bringing a case in the district court. It's irreparably tainted, but apparently you don't think it would be irreparably tainted if it went before a new ALJ. And I'm suggesting to you that the NLRB can do everything a new ALJ could do, unless I'm mistaken. So please help me out with why we would need to preliminarily enjoin that proceeding. Well, among other things, the Supreme Court has made clear, and I think it's the Carr v. Saul case, that the NLRB is not particularly suited to make those kind of constitutional determinations. And the ALJ, in this case, declined to rule on them for similar reasons. I'm sorry, which constitutional question are you now saying the NLRB would not hear that you have pending in that proceeding before it? I mean, I understand the constitutional question about whether the ALJ and the former NLRB was properly constituted. The Supreme Court's decided that in Noel Ganning. But now I'm just suggesting you have to show you're likely to succeed on the merits. And the question is whether you're likely to succeed in the merits on a ruling given to you by a properly constituted NLRB. But, Your Honor, I think that the law under Carr v. Saul, for example, makes clear that that's in the province of the district courts to decide that. To decide what? The constitutional questions like, was that ALJ constitutionally appointed? Was that ALJ? I mean, don't, isn't that clear that it wasn't, but they're doing the retroactive, that's what you're complaining about, the retroactive kind of sanctioning? The ratification. Okay. But it's not going to be that ALJ who rules on any issue you want. The NLRB is going to rule on it. Yes, but they're going to rule on a proceeding that's tainted by this unconstitutionally appointed ALJ. Can you lay out for me what you believe are the questions of first impression that this case requires us to address? Or at least for our purposes, first impression for us. I have a list, and I want to make sure that I've got a complete list. This Court hasn't ruled on, I believe, on the removal power issue. So it's whether or not two layers of removal violate the constitutional separation of powers, okay? Do you have any others? Yes. And the appointments clause challenge. But what specifically? It's who has the jurisdiction to hear the appointment clause challenge? Pardon me? The question, I think what you're saying is not just the appointment clause challenge, and tell me if I'm wrong, it's specifically does the district court have jurisdiction to hear the appointment clause challenge after accident? Is that right? Is that the issue? Or is there something else? I think the issue is whether the appointments clause violation is a here and now injury. Oh, that's one not on that list. Okay, a here and now injury. May I ask you a question about irreparable harm, the other prong of preliminary injunction analysis? Again, you're before the NLRB. It can hear any challenge. If it shouldn't because it's irreparably tainted, as you said, that can be validated on appeal from the NLRB decision if it goes against you. So why are you irreparably harmed? You still have the ability to appeal the NLRB ruling. Well, just as the very being subjected to the illegitimate proceeding is in and of itself irreparable harm. That's what Justice Kagan made clear in the Exxon decision. I guess I'm not following your answer to that question. If it can be fixed on appeal, how is it irreparable? Because you're being subjected to it and is being subjected to it. As you're being subjected to it, it's irreparable harm. In Exxon, presumably the jurisdictional issue could have been appealed, but Justice Kagan said it was a here and now injury. So your irreparable harm is the here and now injury, even though it can be fixed later. Is that what you're trying to tell us?  Being subjected to an illegitimate proceeding before an illegitimate tribunal. See, the problem I have with that argument is you're in front of a duly constituted NLRB. That wasn't the case in Dole Canning. So you've got the argument that the correctly constituted NLRB is tainted by this improperly approved ALJ. But that harm can be fixed. It's not improper for you to be before the NLRB. But our position is that that proceeding that they're reviewing, it should not be reviewed by the NLRB at all because it was unconstitutional. And so, therefore, the NLRB, it's still an unconstitutional proceeding. Okay. Okay. Thank you so much. We'll hear from you on the phone. I just wanted to add, Your Honors. We'll hear from you on rebuttal, sir. I'm sorry? We'll hear from you on rebuttal. You've got three minutes left. Oh, okay. May it please the Court, Michael Dell for the appellees. Care 1 is seeking to disrupt a decade-long NLRB proceeding. Can we bread your briefs? Like, why don't we focus on the issues, please? Absolutely, Your Honor. Well, with the Court's permission, I would begin with jurisdiction. I think that that's probably the best place to start. Please. The NLRB contests jurisdiction over Care 1's Appointments Clause claim. Ultimately, that claim is unlike Care 1's removal protection claim because it is an as-applied constitutional challenge, as opposed to a challenge directed at some statutory feature of the NLRB. Comparing that to the removal protection challenge, that challenge does not involve any sort of the specifics of the administrative proceeding below. It's not wholly collateral to that case. To put it in a general sense, this challenge doesn't challenge the authority of the agency generally. Those are the words from Axon. But rather, some particular execution of that power. So that's why it wouldn't be considered collateral. In fact, circuits have held that Appointments Clause challenges can be forfeited. And if that's the case, it's important that the NLRB at least pass in the first instance over that question, because that is, in fact, a matter of board law. Additionally, I would add that the factor of expertise I'm sorry. Can I push that? Couldn't theoretically the remedy be injured by appointing a different ALJ to preside over a new proceeding? Does that change it from being the standard is not just collateral. It's like wholly collateral, right? So what do you think? Well, I guess I would say, Your Honor, that I'm not sure exactly how to parse the word wholly in that situation. I suppose I would say that It would have to be outside the agency's expertise, right? The question of the constitutionality of ongoing proceedings under the Appointment Clause is not the bread and butter of what the NLRB does. That's correct, Your Honor. I would say, though, that the NLRB is an expert on its own procedures for appointing ALJs. It's an expert on its procedures for forfeiture. I mean, would you dispute that a district court knows a thing or two about the constitutionality of the ALJ? Not at all, Your Honor. Okay. So but your argument is largely that it's wholly or your argument is largely that it's collateral. Is that why you think it doesn't meet Basin? Well, I would say that it meets all of the factors. I would say that it's not wholly collateral because of what I said before. I would say that it's part of the agency's expertise. Granted, I understand, of course, the Court's point about Appointments Clause challenges not being the bread and butter, if you will, of the agency. But it's not like the NLRB doesn't face constitutional challenges in its proceedings at all. And these particular constitutional challenges have to do with the Board's appointment process and the remedy for that, for any sort of issues with that appointments process. And so that's why I would say that this does fall into the agency's expertise. Let me ask you whether the district – I want to take you way back to the district court's standard here on injunction. It seemed to think that it had to find a clear and substantial likelihood of success on the merits. And there's precedent that suggests that that language – well, the text clearly says clear or substantial likelihood. Did the district court apply the correct standard here in requiring a showing of both? I think that the case law is a little unclear on this point, Your Honor. There are cases – Language isn't. Language isn't. Yes. Yes, Your Honor. Language is not clear and substantial. Language is clear or substantial. Your Honor, I don't believe that the district court addressed the difference between clear or substantial below. I'm not – Because it required both. Right? Isn't that what it required? And I'm asking you whether that was a correct application of the standard for a preliminary injunction. Well, our understanding is that in cases where an agency is acting pursuant to a statutory scheme, that it's appropriate to provide – sorry, to apply a clear likelihood of success on the merits standard. Is that really the law, though, or was that just an issue that – a mis-sort of – one case misquoting another? It's very possible. Because it's not at all clear to me that just because it involves statutory agency action, that raises the burden to a clear likelihood of success versus just likelihood of success. And you're not claiming this is – are you claiming this is a mandatory injunction as opposed to a prohibitory injunction, which, again, would raise the bar? Well, I think, Your Honor, this is a strange case. And I recognize the point's court – sorry, the court's point on the clarity in that – in the law on that particular prong. Our position is that this case does – or this injunction would alter the status quo in this case, and that's because of the unique nature of this case. This proceeding has been going on for over a decade, and there are a number of reasons for that, admittedly. So you're saying because it's 10 years, the proceeding occurred pending before the ALJ and the courts, that that makes it mandatory as opposed to prohibitory? Well, yeah. Assuming we disagree with you that the state action or statutory action raises the level to clear likelihood or substantial likelihood, are you then really arguing that this is a mandatory injunction just because of the length of time? Well, Your Honor, I – what I would say is that the – the – this case require – I think that to say that this case doesn't require a disruption of the status quo is inaccurate. Whether or not it's the status quo part of that analysis that's important or the fact that it is requiring the agency to reframe or to perform some performative act – sorry, affirmative act, that is not completely clear either under the law. There are cases that recognize that – that this distinction is sometimes more semantical than it is practical. So I – Oh, please. I'm sorry. Please. I would have thought your argument was that you succeed even if the words are looked at in the disjunctive. Is that not your argument? That is, indeed. Only if they're viewed in the conjunctive do you succeed. I would say, Your Honor, that our position is that regardless of what standard is applied here, we succeed, whether it's a clear likelihood of success, whether it's just a likelihood of success. I couldn't really articulate to you what – Well, let me make sure that I understand things correctly. Am I correct that now with this matter before the NLRB, the plaintiff can raise all objections of fact and law that it wishes to before the board, or is that not correct? That is my understanding, too, Your Honor. So can he challenge before the NLRB whether the ALJ was properly serving after the retroactive application of the law? Well, there is an open question, Your Honor, about the forfeiture of the And so because of my position as an attorney for both the board and for the ALJ, I can't really opine on that. But what he can do is challenge every decision the ALJ made if he wishes to. That's correct, Your Honor. Okay. And he retired, is that correct? That's right, Your Honor. He no longer works for the agency. So even if this case – and it's not likely that this case gets sent back to an ALJ, but if it did, it could not possibly be sent back to Judge Chu. And does that affect our analysis in any way? It should, Your Honor. It should. Because at the very least, with respect to the irreparable harm, I think that it's not accurate to say – I think the Court got at this point earlier – it's not accurate to say that care one is being irreparably harmed with each day that goes by. There's no chance at all, really, of this case ending back before Judge Chu. And that's true for the Appointments Clause claim, at least. I recognize that the removal protection challenge is slightly different. But even there, they're not subject to an ALJ at all. So there is no irreparable harm, certainly, going forward. Do we have to rule on whether or not the NLRB's ALJs are inferior officers under Lucia v. SEC? No, Your Honor. That is established already. The NLRB recognized that the ALJs are inferior officers. In fact, the NLRB has held as such in a case called West Rock, I believe. Thank you. If the Court has no further questions, I guess I would just simply add that with respect to the removal protection challenge, every circuit to have addressed what a litigant needs to show in order to succeed in that claim has held that the litigant needs to show some sort of causal harm, I'll call it, some sort of way in which those removal protections harmed that litigant. And Kare 1 has not made any effort to do that here. Rather, Kare 1 argues that that standard should only apply for claims for prospective relief. However, this Court itself held in law, Office of Crystal Maroney, that that is not the case. It joins every other circuit to have passed on this issue in holding that that is not the case. So we would add that that is a fatal defect to the removal protection challenge. I suppose the – I see my time is up, and so I will rest there. Thank you. Thank you. Your Honors, as counsel recognized, ALJs are still unconstitutionally protected so that if this matter was remanded, it would, again, be before an unconstitutionally insulated ALJ. I think it's plain that the District Court erred on the standard. In fact, this Court has held in New Hope Family Services and Friends of East Hampton that the standard for an injunction against the government is likely, not clearly likely, or not clearly or substantially likely. We, of course, think that on these challenges, we're both clearly likely and substantially likely to succeed. I want to mention that the – we intend, after this appeal is over, to move to amend our complaint to assert a Seventh Amendment claim, which the Supreme Court has made available in Jarchese in June, on which we also will have a substantial likelihood, a clear and substantial likelihood of success since the decision awarded damages. But we're trying, I think, we're trying to help the NLRB preserve its resources. There's no reason not to pause these proceedings to allow the District Court to carefully vet all of these issues. Mr. Benson, I think I may have misheard you. Did you say a moment ago that if this were remanded, it still would go before an improperly appointed ALJ? Improperly insulated ALJ. I'm sorry. Insulated from removal. If we didn't – if we found for you that this was incorrect, we would order that it not go before such an ALJ. When I say we, the courts. No, I'm addressing Your Honor's point that it's before the – pardon me – that it's before the board and the board could remand it to a new ALJ. If the board did so, it would be before an improperly insulated ALJ. Right. So this is in connection with your dual-layer protection, not your appointment. Correct. Right. Okay. Thank you. Thank you. Thank you. Okay. We will take the case under advisement.